Travis E. Lynch (SBN 335684)
　lynch@rhmtrial.com
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Ave. NE, Suite 254
Atlanta, Georgia 30312
Telephone: (404) 564-1862

*Attorney(s) for Plaintiff Fleet Connect Solutions, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>CALAMP CORP.,<br><br>Defendant. | Case No. 2:25-cv-04890<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fleet Connect Solutions LLC ("Fleet Connect" or "Plaintiff") files this Complaint against CalAmp Corp. ("CalAmp" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents"), issued by the United States Patent and Trademark Office ("USPTO"):

| | Patent Number | Title | Available At |
|---|---|---|---|
| 1 | 7,058,040 | Channel Interference Reduction | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7058040 |
| 2 | 7,742,388 | Packet Generation Systems and Methods | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7742388 |
| 3 | 8,005,053 | Channel Interference Reduction | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8005053 |
| 4 | 7,656,845 | Channel Interference Reduction | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7656845 |
| 5 | 7,260,153 | Multi Input Multi Output Wireless Communication Method and Apparatus Providing Extended Range and Extended Rate Across Imperfectly Estimated Channels | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7260153 |
| 6 | 7,593,751 | Conducting Field Operations Using Handheld Data Management Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7593751 |
| 7 | 8,494,581 | System and Methods for Management of Mobile Field Assets *via* Wireless and Held Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8494581 |
| 8 | 6,647,270 | Vehicletalk | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6647270 |
| 9 | 7,092,723 | System and Method for Communicating Between Mobile Units | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7092723 |

2.   Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

3.   Plaintiff is a limited liability company formed under the laws of Texas with a registered office address located in Austin, Texas.

4.   Upon information and belief, Defendant CalAmp Corp. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 2200 Faraday Ave, Suite 220, Carlsbad, CA 92008.

5.   Upon information and belief, Defendant may be served through its registered agent for service, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808; or at its principal place of business, located at 2200 Faraday Ave, Suite 220, Carlsbad, CA 92008.

## JURISDICTION AND VENUE

6.   FCS repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

7.   This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because CalAmp resides in this district, has its principal place of business in this district, has conducted and continues to conduct business in this district, and has committed and continues to commit acts of infringement in this district.

9.   Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in California and in this District; and (iii) having an interest in, using or possessing real property in California.

10.     Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in this District. Defendant markets, sells, and delivers accused products in this district, and has committed acts of infringement in this judicial district.

11.     Defendant commits acts of infringement from this District, including, but not limited to, use of the Accused Products and inducement of third parties to use the Accused Products.

## THE ACCUSED PRODUCTS

12.     FCS repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

13.     Defendant uses, causes to be used, provides, supplies, or distributes one or more computing devices such as its CalAmp Fleet Telematics Application/Software/Website, Fleet Management Application/Software/Website, FleetOutlook, CalAmp iOn Fleet and Asset Management Application/Software/Website, CalAmp K-12 Fleet Management Application/Software/Website, Trucking Telematics Application/Software/Website, Cargo Monitoring Application/Software/Website, Asset Tracking Application/Software/Website, ELD solutions including, ELD devices, including, for example, LMU-1300M, LMU-2630MB, LMU-2650MB, LMU-3040MB, LMU-3640MB, LMU-3641MB, LMU-3040LA, HMU-3640LB, TTU-2900, TTU-2830, ATU-1300, SC1204, SC1205V, SC1302, TTU-730, TTU-1230, TTU-2830 LTE Cat M1, TTU-2840XT, LMU4350LB, LMU3642MB, HMU3640LA, LMU3040LVB, LMU3030LVBL, LMU3035LVBL, LMU3030LABL, LMU3035LABL, LMU-3240L, LMU-5541, LMU3240LAW, LMU-2630MB 12-Wire Sealed, LMU-2630MB LTE CAT M1 20-Pin, ATU-620,

1  TTU-720, TTU-1220, SC-1004, SC-1205v, SC-1102, CalAmp Vision, SCU 120,
2  LMU 5541, LMU 2650MB, LMU 3642MB, LMU3640MB, LMU2650MB, TAG09,
3  TAG04, LMU3641MB, HMU 3640LB, HMU 3640LA, VLU11VMAB,
4  VLU11VMA, VLU11VMAB/VLU11VMA, MDT-7P, MDT-8M, MDT-8W, SC
5  iOn Tag, Bluetooth Tags, LMU-3640, LMU-4233, FleetOutlook, MobileFind,
6  MobileInstall, MobileNAV, CalAmp K-12, CalAmp ELD-app, and any other
7  devices and hardware, software, and functionality that comprise substantially similar
8  functionality (collectively, the "Accused Products"). *See* **Exhibits A–R** (Evidence
9  of Use Regarding Infringement of the Asserted Patents).

10  14.    On information and belief, the Accused Products perform wireless
11  communications and methods associated with performing and/or implementing
12  wireless communications including, but not limited to, wireless communications and
13  methods pursuant to various protocols and implementations, including, but not
14  limited to, Bluetooth, IEEE 802.11, and LTE protocols and various subsections
15  thereof, including, but not limited to, Bluetooth 5.0 and 5.1and 5.4 and 802.11ac,
16  802.11b, and 802.11n.

17  15.    On information and belief, the wireless communications perform and/or
18  implemented by the Accused Products, among other things, transmit data over
19  various media, compute time slot channels, generate packets for network
20  transmissions, perform or cause to be performed error estimation in orthogonal
21  frequency division multiplexed ("OFDM") receivers, and various methods of
22  processing OFDM symbols.

23  16.    For these reasons and the additional reasons detailed below, the Accused
24  Products practice at least one claim of each of the Asserted Patents.

25  **COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,058,040**

26  17.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16
27  above as though fully set forth in their entirety.

28

18.     The USPTO duly issued U.S. Patent No. 7,058,040 (the "'040 patent") on June 6, 2006, after full and fair examination of Application No. 09/962,718, which was filed on September 21, 2001.

19.     Fleet Connect owns all substantial rights, interest, and title in and to the '040 patent, including the sole and exclusive right to prosecute this action and enforce the '040 patent against infringers and to collect damages for all relevant times.

20.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '040 patent.

21.     The claims of the '040 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods of transmitting data over media having overlapping frequencies.

22.     The written description of the '040 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23.     Defendant has directly infringed one or more claims of the '040 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

24.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '040 patent, as detailed in **Exhibits A–C** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,058,040).

25.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount

that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: <u>INFRINGEMENT OF U.S. PATENT NO. 7,742,388</u>**

26.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16 above as though fully set forth in their entirety.

27.    The USPTO duly issued U.S. Patent No. 7,742,388 (the "'388 patent") on June 22, 2010, after full and fair examination of Application No. 11/185,665, which was filed July 20, 2005.

28.    Fleet Connect owns all substantial rights, interest, and title in and to the '388 patent, including the sole and exclusive right to prosecute this action and enforce the '388 patent against infringers and to collect damages for all relevant times.

29.    Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '388 patent.

30.    The claims of the '388 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of generating packets in a digital communications system.

31.    The written description of the '388 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

32.    Defendant has directly infringed, and continues to directly infringe, one or more claims of the '388 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

33.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '388 patent, as detailed in **Exhibits D–F** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,742,388).

34.    Defendant had knowledge of the '388 patent at least as of the date when it was notified of the filing of this action.

35.    Since at least the time of receiving the complaint, Defendant has indirectly infringed and continues to indirectly infringe the '388 patent by inducing others to directly infringe the '388 patent.  Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '388 patent by providing or requiring use of the Accused Products.  Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '388 patent, including, for example, claim 1. *See* Exhibits D–F.

36.    Such steps by Defendant have included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or instructional and technical support to users.  Defendant has been performing these steps, which constitute induced infringement with the knowledge of the '388 patent and with the knowledge that the induced acts constitute infringement.  Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '388 patent. Defendant's inducement is ongoing. *See* Exhibits D–F.

37.    Since at least the time of receiving the complaint, Defendant has indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '388 patent.  Defendant has contributed and continues to contribute to the direct infringement of the '388 patent by its customers, personnel, and contractors.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '388 patent, including, for example, claim 1.  The special features constitute a material part of the invention of one or more of the claims of the '388 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.  *See* Exhibits D–F.

38.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Fleet Connect's patent rights.

39.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

40.    Defendant's infringement of the '388 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Fleet Connect's rights under the patent.

41.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III: <u>INFRINGEMENT OF U.S. PATENT NO. 8,005,053</u>**

42.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16 above as though fully set forth in their entirety.

43.     The USPTO duly issued U.S. Patent No. 8,005,053 (the "'053 patent") on August 23, 2011, after full and fair examination of Application No. 12/696,760, which was filed on January 29, 2010.  A Certificate of Correction was issued on February 14, 2012.

44.     Fleet Connect owns all substantial rights, interest, and title in and to the '053 patent, including the sole and exclusive right to prosecute this action and enforce the '053 patent against infringers and to collect damages for all relevant times.

45.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '053 patent.

46.     The claims of the '053 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of data transmission in wireless communication systems.

47.     The written description of the '053 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

48.     Defendant has directly infringed one or more claims of the '053 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

49.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '053 patent, as detailed in **Exhibits G–H** (Evidence of Use Regarding Infringement of U.S. Patent No. 8,005,053).

50.     Fleet Connect has been damaged as a result of the infringing conduct by

Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT IV: <u>INFRINGEMENT OF U.S. PATENT NO. 7,656,845</u>**

51.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16 above as though fully set forth in their entirety.

52.    The USPTO duly issued U.S. Patent No. 7,656,845 (the "'845 patent") on February 2, 2010, after full and fair examination of Application No. 11/402,172, which was filed on April 11, 2006. A Certificate of Correction was issued on November 30, 2010.

53.    Fleet Connect owns all substantial rights, interest, and title in and to the '845 patent, including the sole and exclusive right to prosecute this action and enforce the '845 patent against infringers and to collect damages for all relevant times.

54.    Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '845 patent.

55.    The claims of the '845 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of wireless communication with a mobile unit.

56.    The written description of the '845 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

57.     Defendant has directly infringed one or more claims of the '845 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

58.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '845 patent, as detailed in **Exhibits I–K** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,656,845).

59.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,260,153

60.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16 above as though fully set forth in their entirety.

61.     The USPTO duly issued U.S. Patent No. 7,260,153 (the "'153 patent") on August 21, 2007, after full and fair examination of Application No. 10/423,447, which was filed on April 28, 2003.

62.     Fleet Connect owns all substantial rights, interest, and title in and to the '153 patent, including the sole and exclusive right to prosecute this action and enforce the '153 patent against infringers and to collect damages for all relevant times.

63.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '153 patent.

64.     The claims of the '153 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of voice and data communications systems.

65.    The written description of the '153 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

66.    Defendant has directly infringed one or more claims of the '153 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

67.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '153 patent, as detailed in **Exhibits L–N** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,260,153).

68.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,593,751**

69.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16 above as though fully set forth in their entirety.

70.    The USPTO duly issued U.S. Patent No. 7,593,751 (the "'751 patent") on September 29, 2009, after full and fair examination of Application No. 11/262,699, which was filed on October 31, 2005.

71.    Fleet Connect owns all substantial rights, interest, and title in and to the '751 patent, including the sole and exclusive right to prosecute this action and enforce the '751 patent against infringers and to collect damages for all relevant times.

72.    Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '751 patent.

73.    The claims of the '751 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting communication systems and methods for executing field operations using handheld devices.

74.    The written description of the '751 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

75.    Defendant has directly infringed one or more claims of the '751 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

76.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '751 patent, as detailed in **Exhibit O** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,593,751).

77.    Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,494,581**

78.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16 above as though fully set forth in their entirety.

1    79.    The USPTO duly issued U.S. Patent No. 8,494,581 (the "'581 patent") on

2    July 23, 2013, after full and fair examination of Application No. 12/547,363, which

3    was filed on August 25, 2009.

4    80.    Fleet Connect owns all substantial rights, interest, and title in and to the

5    '581 patent, including the sole and exclusive right to prosecute this action and

6    enforce the '581 patent against infringers and to collect damages for all relevant

7    times.

8    81.    Fleet Connect or its predecessors-in-interest have satisfied all statutory

9    obligations required to collect pre-filing damages for the full period allowed by law

10   for infringement of the '581 patent.

11   82.    The claims of the '581 patent are not directed to an abstract idea and are

12   not limited to well-understood, routine, or conventional activity.  Rather, the claimed

13   inventions include inventive components that improve upon the function and

14   operation of preexisting methods and systems of collecting and communicating field

15   data based on geographical location.

16   83.    The written description of the '581 patent describes in technical detail

17   each limitation of the claims, allowing a skilled artisan to understand the scope of

18   the claims and how the non-conventional and non-generic combination of claim

19   limitations is patently distinct from and improved upon what may have been

20   considered conventional or generic in the art at the time of the invention.

21   84.    Defendant has directly infringed one or more claims of the '581 patent by

22   making, using, selling, offering to sell, importing, and/or internal and external testing

23   of the Accused Products.

24   85.    Defendant has directly infringed, either literally or under the doctrine of

25   equivalents, at least claim 18 of the '581 patent, as detailed in **Exhibit P** (Evidence

26   of Use Regarding Infringement of U.S. Patent No. 8,494,581).

27   86.    Fleet Connect has been damaged as a result of the infringing conduct by

28   Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount

1  that compensates it for such infringements, which by law cannot be less than a
2  reasonable royalty, together with interest and costs as fixed by this Court under 35
3  U.S.C. § 284.

4  **COUNT VIII: <u>INFRINGEMENT OF U.S. PATENT NO. 6,647,270</u>**

5  87.    Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16
6  above as though fully set forth in their entirety.

7  88.    The USPTO duly issued U.S. Patent No. 6,647,270 (the "'270 patent") on
8  November 11, 2003, after full and fair examination of Application No. 09/659,074,
9  which was filed September 11, 2000.

10  89.    Fleet Connect owns all substantial rights, interest, and title in and to U.S.
11  Patent No. 6,647,270 (the "'270 patent"), including the sole and exclusive right to
12  prosecute this action and enforce the '270 patent against infringers and to collect
13  damages for all relevant times.

14  90.    Fleet Connect or its predecessors-in-interest have satisfied all statutory
15  obligations required to collect pre-filing damages for the full period allowed by law
16  for infringement of the '270 patent.

17  91.    The claims of the '270 patent are not directed to an abstract idea and are
18  not limited to well-understood, routine, or conventional activity.  Rather, the claimed
19  inventions include inventive components that improve upon the function and
20  operation of mobile communications and tracking systems.

21  92.    The written description of the '270 patent describes in technical detail
22  each limitation of the claims, allowing a skilled artisan to understand the scope of
23  the claims and how the non-conventional and non-generic combination of claim
24  limitations is patently distinct from and improved upon what may have been
25  considered conventional or generic in the art at the time of the invention.

26  93.    Defendant has directly infringed one or more claims of the '270 patent by
27  making, using, selling, offering to sell, importing, and/or internal and external testing
28  of the Accused Products.

94.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '270 patent, as detailed in **Exhibit Q** (Evidence of Use Regarding Infringement of U.S. Patent No. 6,647,270).

95.     Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above.  Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 7,092,723**

96.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1–16 above as though fully set forth in their entirety.

97.     The USPTO duly issued U.S. Patent No. 7,092,723 (the "'723 patent") on August 15, 2006, after full and fair examination of Application No. 10/679,784, which was filed October 6, 2003.

98.     Fleet Connect owns all substantial rights, interest, and title in and to the '723 patent, including the sole and exclusive right to prosecute this action and enforce the '723 patent against infringers and to collect damages for all relevant times.

99.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '388 patent.

100.    The claims of the '723 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods of generating packets in a digital communications system.

101.    The written description of the '723 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim

1  limitations is patently distinct from and improved upon what may have been
2  considered conventional or generic in the art at the time of the invention.

3  102.    Defendant has directly infringed, and continues to directly infringe, one
4  or more claims of the '723 patent by making, using, selling, offering to sell,
5  importing, and/or internal and external testing of the Accused Products.

6  103.    Defendant has directly infringed, either literally or under the doctrine of
7  equivalents, at least claim 1 of the '723 patent, as detailed in **Exhibit R** (Evidence
8  of Use Regarding Infringement of U.S. Patent No. 7,092,723).

9  104.    Fleet Connect has been damaged as a result of the infringing conduct by
10 Defendant alleged above.  Thus, Defendant is liable to Fleet Connect in an amount
11 that compensates it for such infringements, which by law cannot be less than a
12 reasonable royalty, together with interest and costs as fixed by this Court under 35
13 U.S.C. § 284.

14                              **JURY DEMAND**

15 105.    FCS hereby requests a trial by jury on all issues so triable by right.

16                            **PRAYER FOR RELIEF**

17 106.    FCS requests that the Court find in its favor and against Defendant, and
18 that the Court grant FCS the following relief:

19          a.  Judgment that one or more claims of each of the Asserted Patents has been
20              infringed, either literally or under the doctrine of equivalents, by
21              Defendant or others acting in concert therewith;

22          b.  A permanent injunction enjoining Defendant and its officers, directors,
23              agents, servants, affiliates, employees, divisions, branches, subsidiaries,
24              parents, and all others acting in concert therewith from infringement of
25              the '388 patent; or, in the alternative, an award of a reasonable ongoing
26              royalty for future infringement of the Asserted Patents by such entities;

27          c.  Judgment that Defendant account for and pay to FCS all damages to and
28              costs incurred by FCS because of Defendant's infringing activities and

other conduct complained of herein;

d. Judgment that Defendant's infringements of the '388 patent during their lifetimes be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award FCS its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>May 29, 2025</u>                    Respectfully submitted,

By: <u>/s/ Travis E. Lynch</u>
Travis E. Lynch (SBN 335684)
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Ave NE, Suite 254,
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: lynch@rhmtrial.com

*Attorneys for Plaintiff FLEET CONNECT SOLUTIONS LLC*

**<u>List of Exhibits</u>**

A.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,058,040 (LTE, WI-FI, Bluetooth)

B.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,058,040 (LTE)

C.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,058,040 (WI-FI, Bluetooth)

D.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,742,388 (LTE, WI-FI)

E.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,742,388 (LTE)

F.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,742,388 (WI-FI)

G.   Evidence of Use Regarding Infringement of U.S. Patent No. 8,005,053 (LTE, WI-FI, Bluetooth)

H.   Evidence of Use Regarding Infringement of U.S. Patent No. 8,005,053 (WI-FI, Bluetooth)

I.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,656,845 (LTE, WI-FI, Bluetooth).

J.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,656,845 (LTE)

K.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,656,845 (WI-FI, Bluetooth)

L.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,260,153 (LTE, WI-FI).

M.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,260,153 (LTE).

N.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,260,153 (WI-FI).

O.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,593,751

P.   Evidence of Use Regarding Infringement of U.S. Patent No. 8,494,581

Q.   Evidence of Use Regarding Infringement of U.S. Patent No. 6,647,270

R.   Evidence of Use Regarding Infringement of U.S. Patent No. 7,092,723